**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

STEFANIE N. LANG,

                                                   Plaintiff,

          -vs-

THOMAS J. KIDERA, COUNTY OF ONTARIO,

                                                   Defendants.                    DECISION & ORDER

                                                                                  11-CV-6603-CJS

THOMAS J. KIDERA,

                                                   Cross-Claimant,

          -vs-

COUNTY OF ONTARIO,

                                                   Cross-Defendant.

**APPEARANCES**

For Plaintiff:                          Theodore S. Kantor, Esq.
                                        Bilgore, Reich, Levine & Kantor
                                        950 Reynolds Arcade Building
                                        16 East Main Street
                                        Rochester, NY 14614
                                        (585) 262-4700

For Thomas J. Kidera:                   David Rothenberg, Esq.
                                        Geiger and Rothenberg, LLP
                                        45 Exchange Street Suite 800
                                        Rochester, NY 14614
                                        (585) 232-1946

For County of Ontario:                  Kristen J. Thorsness, Esq.
                                        Ontario County Attorney
                                        27 North Main Street 4th Floor
                                        Canandaigua, NY 14424
                                        (585) 396-4166

## INTRODUCTION

**Siragusa, J.** Before the Court is defendant Thomas J. Kidera's ("Kidera") cross-motion seeking an order directing co-defendant County of Ontario ("the County") to provide Kidera with a defense to the allegations raised in Plaintiff's complaint pursuant to section 18 of the New York Public Officers Law, or "such other and further relief as to the Court seems just, proper, and equitable." Notice of Cross-Motion, Sept. 12, 2012, ECF No. 37. For the reasons stated below, the application is granted.

## BACKGROUND

In his Amended Verified Answer and Cross-Claims, filed on September 4, 2012, ECF No. 35, Kidera related the background of his request for the County to defend him and its refusal to do so:

ELEVENTH AFFIRMATIVE DEFENSE AND THIRD CROSS-CLAIM

28. The plaintiff in the pending action is Stefanie Lang, who was employed as confidential secretary to the Public Defender.

29. All of the actions in Ms. Lang's complaint are alleged to have occurred at the Ontario County Public Defender's Office, or in connection with Ms. Lang's employment with the Ontario County Public Defender.

30. Accordingly, after personal service of the summons and complaint, defendant Kidera promptly delivered the summons and complaint to the Ontario County Attorney, and requested defense and indemnification, pursuant to Section 18 of the Public Officers Law.

31. On November 25, 2011, John Garvey, County Administrator of the County of Ontario denied defendant Kidera's request for defense and indemnification.

32. Thereafter, and acting through counsel, defendant Kidera appealed the decision of County Administrator Garvey and requested that the co-defendant County of Ontario reconsider its denial of a defense in the lawsuit brought by Ms. Lang.

33. On or about December 8, 2011, the Ontario County Board of

Supervisors formally denied defendant Kidera's appeal from Mr. Garvey's denial of defense and indemnification.

34. Accordingly, co-defendant County of Ontario has denied defendant Kidera defense and indemnification under Section 18 of the Public Officers Law, and that decision has become final.…

48. Clearly, many of the allegations in plaintiff Lang's complaint, and the causes of action arising from those allegations, all arise from conduct that is alleged to have occurred while defendant Kidera was acting within the scope of his employment as Ontario County Public Defender.

49. By reason of the foregoing, defendant Kidera is entitled to a defense of the within action, pursuant to Section 18 of the Public Officer's Law.

Kidera Am. Ans. ¶¶ 28–34, 48–49.

The parties entered into a stipulation, which the Court "so ordered," Stipulation and Order, Aug. 24, 2012, ECF No. 34, which in pertinent part states the following:

2. Defendants consent that the court has jurisdiction to determine Kidera's cross-claims for indemnity and defense, and further consent that the County is a proper party defendant for determination of those cross-claims.…

5. The related action—*Kidera v. Garvey, et al.*, 12-CV-6004-CJS—shall be remanded to New York State Supreme Court, but shall be stayed, by order of this Court and consent of both Kidera and the County, pending determination of the parties' motion(s) addressed to Kidera's cross-claims alleging a right to indemnity and defense under Section 18 of the Public Officers Law.

Stip. & Order ¶ 2 & 5. Finally, in paragraph 6 of the stipulation, the parties agreed that this Court's determination of Kidera's cross-claims "for the right to indemnity and defense under Section 18 of the Public Officers Law…shall be binding on defendants, and shall not be re-litigated in New York State Courts or any other venue." *Id*. ¶ 6.

## ANALYSIS

Mr. Kidera relies on New York Public Officers Law section 18[1] to support his argument that the County owes him a defense in this action. The County argues that statute does not apply to this situation. By way of background on section 18, the Court in *Hennessy v. Robinson*, 985 F. Supp. 283 (N.D.N.Y 1997), noted:

> Prior to the enactment of § 18, "a confusing patchwork of defense and indemnification provisions existed that applied to various public officers and employees . . . sued as a result of acts or omissions within the scope of their public employment." (Memorandum of the Law Revision Commission, McKinney's Sessions Laws of 1981, pp. 2314-15)....
>
> After the passage of § 18, the office of the New York State Attorney General stated:
>
>> Coverage under section 18 is at the election of the local governing body. (§ 18[2][a]). Additionally, section 18 expressly states that its provisions may replace or supplement other defense and indemnification enactments (§ 18 [12]). From this, we conclude that a local government may elect defense and indemnification under section 18, *continue or provide for defense and indemnification under a local enactment* or supplement local enactments with the provisions of section 18. Had the Legislature desired to make section 18 the exclusive format for defense and indemnification, it could easily have so provided. Instead, *local governing bodies expressly are given the option of retaining local enactments* and supplementing them through the application of section 18 (§ 18 [12]).New York Opinion Attorney General (Inf.) 82, 1987 WL 273422, at *2 (N.Y.A.G. 1987) (emphasis added).

*Id*. at 286. Thus, by its own terms, section 18 requires that the County decide whether to adopt its provisions for defense of its officers. The County cites to its own Local Law

---

[1]New York Public Officers Law section 18 was added by L.1981, ch. 277, § 1, and effective June 22, 1981. It has been amended six times since its adoption, the latest in 1984. Legislative History, NY CLS Pub O § 18 (2012).

1986-3[2] and contends that it decided not to adopt section 18, but to provide a defense for its officers on these terms:

> SECTION 3: (a) Upon compliance by an employee with the provisions of Section 5 of this local law, the County of Ontario, through the office of the County Attorney, or by means of any applicable insurance program maintained by the county, shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties. This duty to provide for defense shall not arise where such civil action or proceeding is brought by or on behalf of the County of Ontario.

Ontario County Local Law No. 2 (later renumbered 1986-3) section 3(a) (1986) (Reinhardt Supp'l Aff. Ex. B, Jan. 20, 2012, ECF No. 15-1). Section 5 of the local law requires the employee to deliver a copy of the summons, complaint, process, notice, demand or pleading within five days of service on the employee, as well as the employee's full cooperation.

The County relies on Section 4 of the same law to argue that if an employee is alleged to have committed intentional misconduct, the County does not owe him a duty to defend. Section 4 of Local Law 1986-3 states in full as follows:

> SECTION 4: (a) The County of Ontario shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim, provided that the act or omission from which any such judgment or settlement arose occurred while the employee was acting within the scope of his public employment or duties; the duty to indemnify and save harmless described by the section shall not arise where the injury or damage resulted from the intentional wrongdoing or recklessness on the part of the employee and shall not be applicable to

---

[2]As Assistant Ontario County Attorney Michael Reinhardt stated in his supplemental affidavit ¶ 4, filed January 25, 2012, ECF No. 15-1, Ontario County Local Law No. 2, passed in 1986, was later re-numbered to Local Law 1986-3.

an award for punitive damages.

(b) The determination of an issue of whether an employee was acting within the scope of his public employment or duties at the time of the occurrence, act or omission giving rise to a claim, shall be made by the County Administrator, on advice by the County Attorney, subject to appeal to the Board of Supervisors, upon advice from the County Attorney. Any such determination shall be subject to review by a court of competent jurisdiction in the manner prescribed by law.

(c) An employee represented by private counsel shall cause to be submitted to the County Administrator any proposed settlement which may be subject to indemnification by the county of Ontario, and if not inconsistent with the provisions of this section, the County Administrator shall certify such settlement, and submit such settlement and certification to the County Attorney. The attorney shall review such proposed settlement as to form and amount, and shall give his approval if in his judgment the settlement is in the best interest of the county. Nothing In this subdivision shall be construed to authorize the county to indemnify or save harmless an employee with respect to a settlement not so reviewed and approved by the County Attorney.

(d) Upon entry of a final judgment against the employee, or upon the settlement of the claim, the employee shall cause to be served a copy of such judgment or settlement, personally or by certified or registered mall within thirty (30) days of the date of entry or settlement, upon the County Administrator; and if not inconsistent with the provisions of this section, such judgment or settlement shall be certified for payment by the County Administrator. If the attorney concurs in such certification, the judgment or settlement shall be paid upon the audit and warrant of the Finance Officer.

Ontario County Local Law 1986-3 section 4 (1986). Relying on this section, the County maintains that Kidera is not owed either a defense at the County's expense, or indemnification. Additionally, the County argues that this Court, in reviewing its decision to deny defense and indemnification, must apply the arbitrary and capricious standard from New York Civil Procedure Law and Rules Article 78 in determining whether the County's decision should be overturned. Since the duty to indemnify is not before it on this motion, the Court declines to rule on that issue.

It is well settled law in New York that the duty of an insurance company to defend is broader than the duty to indemnify. *Automobile Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) ("It is well settled that an insurance company's duty to defend is broader than its duty to indemnify. Indeed, the duty to defend is 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest ... a reasonable possibility of coverage.'"). With regard to whether a municipality has a similarly broad duty to defend, the New York State Supreme Court, Appellate Division, Third Department, in *Dreyer v. City of Saratoga Springs*, 43 A.D.3d 586, 587–88, 840 N.Y.S.2d 680, 681–82 (N.Y. App. Div. 3d Dept. 2007), ruled that such duty is similarly broad. In that case, the Third Department wrote:

> First, whether the City adopted the provisions of Public Officers Law § 18, as petitioner alleges in her amended petition, and whether Supreme Court erred in determining that respondents do not contest this issue (they do, as evidenced by their verified answer) are issues rendered academic because the language employed in City Code § 9–1—"[t]he City Council of the City of Saratoga Springs agrees to provide a defense and indemnify its officers and employees in any state or federal action arising out of any alleged act or omission which occurred or allegedly occurred in the scope of official duty or public employment" (emphasis added)—is identical to that contained in Public Officers Law § 18(3)(a). Thus, Supreme Court did not err in applying case law interpreting Public Officers Law § 18 in interpreting City Code § 9–1 (*see* 1997 Ops. Atty. Gen. No. I 97–40; *Matter of Schulz v. Doetsch*, 217 A.D.2d 861, 862, 629 N.Y.S.2d 841 [1995]). Accordingly, whether respondents owe petitioner a legal defense under City Code § 9–1 hinges on whether the federal complaints allege that the employee was acting within the scope of her employment at the time of the alleged wrongdoing (*see Merrill v. County of Broome*, 244 A.D.2d 590, 592, 664 N.Y.S.2d 144 [1997]; *Matter of Polak v. City of Schenectady*, 181 A.D.2d 233, 236, 585 N.Y.S.2d 844 [1992] ). If the allegations of the complaint suggest that any of the conduct asserted falls reasonably within the scope of employment, the duty to provide a defense is triggered since the duty to defend is extremely broad and exists regardless of how baseless the complaint may be (*see Automobile Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137, 818 N.Y.S.2d 176, 850 N.E.2d 1152 [2006]; *Matter of Sharrow v. State of New York*, 216 A.D.2d 844,

845, 628 N.Y.S.2d 878 [1995], *lv. denied* 87 N.Y.2d 801, 637 N.Y.S.2d 688, 661 N.E.2d 160 [1995]).

*Dreyer v. City of Saratoga Springs*, 43 A.D.3d 586, 587–88, 840 N.Y.S.2d 680, 681–82

(N.Y. App. Div. 3d Dept. 2007).

Comparing the two provisions at issue here, Local Law 1986-3, section 3(a), with

Public Officers Law section 18(3)(a) shows that the two have nearly identical language

with respect to the duty to defend:

| Local Law 1986-3 section 3(a) | N.Y. Public Officers Law section 18(3)(a) |
| --- | --- |
| Upon compliance by an employee with the provisions of Section 5 of this local law, the County of Ontario, through the office of the County Attorney, or by means of any applicable insurance program maintained by the county, shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties. This duty to provide for defense shall not arise where such civil action or proceeding is brought by or on behalf of the County of Ontario. | Upon compliance by the employee with the provisions of subdivision five of this section, the public entity shall provide for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties. This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or at the behest of the public entity employing such employee. |

Furthermore, with respect Local Law 1986-3, the County stated that, "[i]n enacting this

local law, the Board of Supervisors of Ontario County finds that the State of New York

has enacted similar provisions for the legal and financial security of its officers and

employees and further finds that such security is also required for local personnel."

Local Law 1986-3 section 1. Accordingly, this Court comes to the same conclusion as

did the court in *Dwyer*: "If the allegations of the complaint suggest that any of the

conduct asserted falls reasonably within the scope of employment, the duty to provide a defense is triggered since the duty to defend is extremely broad and exists regardless of how baseless the complaint may be…" *Dwyer*, 43 A.D.3d at 588.

In the case at bar, the complaint alleges, *inter alia*, the following that touches upon whether Mr. Kidera was allegedly acting in the scope of his employment:

5. The Defendant, Thomas J. Kidera, was formerly employed by the Defendant, County of Ontario, as the first Ontario County Public Defender, commencing in approximately November, 2009.…

16. Commencing in or about June, 2010, I began to receive uncomfortable communications from Defendant Kidera in emails on my personal and work email accounts, text messages and telephone calls seeking to spend more time with me outside of work.

17. At that point in time and until his departure from the office in March, 2011, I had never spent time with Mr. Kidera outside of work, except for an occasional lunch meeting during a work day and an office holiday party or office dinner.…

22. When I approached Mr. Kidera about my need for time-off from work due to fever, chills, *etc*., he stated to me that he thought that I had "cancer" from a lump in my leg.

23. This was extremely upsetting to me and I began to cry hysterically.…

25. When I returned to the office, and in and around February, 2011, Mr. Kidera began to "stalk" me in the office and to treat me differently from all of the other employees in the office.…

55. Also found among Mr. Kidera's papers was a yellow pad with ''Notes'' for a conversation which Mr. Kidera apparently intended to have with me on or about February 18, 2011.

56. I asked for a copy of the ''Notes,'' but I was refused a copy by the County Human Resources Director and the Deputy County Administrator.

57. To the best of recollection, included among the ''Notes,'' were items wherein Mr. Kidera was going to tell me that I needed to act differently in the office, as follows:

A. That I was not allowed to talk to Ms. Bleakley or Chris Eaggleston during work hours, only after 5pm.

B. I was not allowed to be in Ms. Bleakley's office or Ms. Eaggleston's cubicle during the work day.

C. I was not permitted to leave my desk during the work day.

D. I was not to communicate with anyone outside the office unless I had gotten his approval and that I was not allowed to discuss anything he talked to me about to anyone.

Compl. ¶¶ 5, 16, 17, 22, 23, 25, 55–57. Without even going outside the complaint, it is clear that Plaintiff's allegations encompass Kidera's conduct while acting as Public Defender, that is, "arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties." Local Law 1986-3 section 3(a). Consequently, the County of Ontario owes Kidera a duty to defend.

As indicated above, the County maintains that its decision to deny Kidera a defense under Local Law 1986-3, affirmed by its Board of Supervisors, can be set aside only if this Court determines it was arbitrary and capricious. The County has provided the Court with an affidavit and supplemental affidavit from John Garvey, the County Administrator for Ontario County ("Garvey"). Garvey Aff., Dec. 16, 2011, ECF No. 5-3; Garvey Supp'l. Aff., Jan 25, 2012, ECF No. 15-2. Garvey was the initial officer who denied Kidera's request for a defense. However, neither of Garvy's two affidavits relates to his decision to deny Kidera a defense under Local Law 1986-3 or, for that matter, Public Officers Law section 18. Although the County argues that the Court should apply the arbitrary and capricious standard, it has failed to provide any record of the proceedings that produced the decision by Garvey or the affirmance by the Board of

Supervisors, to deny Kidera a defense paid for by the County. Therefore, the Court is without a record to review, and based solely on the language in the Local Law, and the allegations in the complaint, finds that Kidera is entitled to a defense paid for by the County of Ontario.

## CONCLUSION

Defendant Thomas J. Kidera's cross-motion, ECF No. 37, seeking partial summary judgment, more specifically, an Order directing the County of Ontario to provide Kidera with a defense to the allegations in Plaintiff's complaint, is granted pursuant to Ontario County Local Law 1986-3(3)(a). This case will now be referred for mediation by separate order. The Clerk is directed to send a copy of this Decision and Order to the Clerk of Ontario County and refer to Case No. 107217.


      IT IS SO ORDERED

Dated:   January 18, 2013
      Rochester, New York

      ENTER:               _____
                            CHARLES J. SIRAGUSA
                            United States District Judge